

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00243-CV

**IN RE RYDER INTEGRATED LOGISTICS, INC.**
and Ryder Integrated Logistics of Texas, LLC

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  July 22, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On April 22, 2015, relators Ryder Integrated Logistics, Inc. and Ryder Integrated Logistics of Texas, LLC filed a petition for writ of mandamus complaining of respondent's orders denying Ryder's motion to compel the oral deposition of the plaintiff, and placing restrictions on Ryder's independent mental examination of the plaintiff in the underlying personal injury lawsuit. The court has considered relators' petition for writ of mandamus, the response filed on behalf of the real parties in interest and relators' reply, and is of the opinion that respondent has not abused his discretion and relators are therefore not presently entitled to the relief sought. Based on the

---

[1] This proceeding arises out of Cause No. 2010-CI-03779, styled *Denise Molina and George Duzane, Co-conservators of Rafael "Ralph" Molina and Rafael "Ralph" Molina v. Ryder Integrated Logistics, Inc.; Ryder Integrated Logistics of Texas, LLC; and Ernesto Solis, Lucila Solis, Sonia Martin Solis, Elijah Angel Solis, and Roberto Solis Jr., Legal Heirs of the Estate of Roberto Solis Sr.*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel Jr. presiding.

mandamus record filed in this court, the respondent has specifically acknowledged relators' ability to seek further relief from the trial court if the deposition and examination, as presently limited, prove to be inadequate for purposes of discovery. *But see Walker v. Packer*, 827 S.W.2d 833, 843-44 (Tex. 1992) (mandamus may be appropriate to review order denying discovery which effectively denies reasonable opportunity to develop merits of the case). Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM